# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NYGERIA WOODARD<br>9109 Connecticut Avenue<br>Cleveland, Ohio, 44105<br><br>      On behalf of herself and all<br>      others similarly-situated<br><br>      Plaintiff,<br>v.<br><br>ANT HILL, LLC<br>D.B.A Magic City Lounge<br>2309 St Clair Avenue<br>Cleveland, OH 44114<br><br>   **Serve also:**<br>   SSE, Inc., Statutory Agent<br>   26600 Detroit Road<br>   Westlake, Ohio 44145<br><br>  and<br><br>KIZELLA, LLC<br>D.B.A Magic City Lounge<br>2309 St Clair Avenue<br>Cleveland, OH 44114<br><br>   **Serve also:**<br>   SSE, Inc,<br>   Statutory Agent<br>   26600 Detroit Road<br>   Westlake, Ohio 44145<br><br>  and<br><br>ELEARE KINNEY<br>1810 Robindale Street<br>Wickliffe, OH 44092<br><br>  and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGES STANDARDS ACT**<br><br>**(Jury Demand Endorsed Herein)** |

1

The Employee's Attorney.™



| | |
|---|---|
| ANTWAND HILL | ) |
| P.O. Box 18216 | ) |
| Cleveland, OH 44118 | ) |
| | ) |
| Defendants. | ) |

1. Defendants Ant Hill LLC, Kizella, LLC, Eleare Kinney and Antwand Hill ("Defendants") misclassified Plaintiff Nygeria Woodard and other exotic dancer employees in their adult entertainment club, "Magic City Lounge," as "independent contractors" and paid these employees zero wages, instead requiring Woodard and those similarly-situated to pay a share of their income from dancing, which was derived solely from tips, to Magic City Lounge. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 USC 203(m)(2) & (t); 29 CFR 531.59. On behalf of herself and all other similarly situated employees, Woodard brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

2. Just as Defendants' conduct violates the FLSA, so too does it violate the laws of Ohio. Defendants' failure to pay the proper minimum wage violates the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq* and Article II, Section 34a of the Ohio Constitution. Woodard, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other tipped employees who were misclassified by Defendants as "independent contractors" and who were paid less than the legally required minimum wage. Members of the Rule 23 Class Action are hereinafter referred to as "**Ohio Class Members**."

**PARTIES**



3. Woodard is an individual residing in Cuyahoga County, Ohio. Plaintiff performed work for Defendants within the last three years for which she did not receive the minimum wage guaranteed by the FLSA and/or the OMFSWA. Plaintiff's signed consent to sue form will be filed within the next twenty-one (21) days.

4. Ant Hill, LLC is a limited liability company organized under the laws of the State of Ohio whose principal place of business is located at 2309 St Clair Ave, Cleveland, Ohio 44114.

5. Between approximately December of 2015 and September of 2017, Ant Hill was the registrant of the trade name "Magic City Lounge."

6. Kizella, LLC is a limited liability company organized under the laws of the State of Ohio whose principal place of business is located at 2309 St Clair Ave, Cleveland, Ohio 44114.

7. Kizella was formed in or around September of 2015.

8. Between approximately September of 2017 and the present, Kizella has been the registrant of the trade name "Magic City Lounge."

9. Regardless of the different time periods in which Ant Hill and/or Kizella held the trade name "Magic City Lounge," at all times referenced herein, both held an ownership interest in "Magic City Lounge" and both employed Woodard and those similarly-situated.

10. At all times referenced herein, Ant Hill exercised control over the employment of Woodard and those similarly-situated.

11. At all times referenced herein, Ant Hill had the power to hire and fire Woodard and those similarly-situated.

12. At all times referenced herein, Ant Hill supervised the schedule of Woodard and those similarly-situated.



13. At all times referenced herein, Ant Hill determined how Woodard and those similarly-situated would be paid (or not paid).

14. At all times referenced herein, Ant Hill maintained employment records for Woodard and those similarly-situated.

15. At all times referenced herein, Kizella exercised control over the employment of Woodard and those similarly-situated.

16. At all times referenced herein, Kizella had the power to hire and fire Woodard and those similarly-situated.

17. At all times referenced herein, Kizella supervised the schedules of Woodard and those similarly-situated.

18. At all times referenced herein, Kizella determined how Woodard and those similarly-situated would be paid (or not paid).

19. At all times referenced herein, Kizella maintained employment records for Woodard and those similarly-situated.

20. At all times referenced herein, Ant Hill and Kizella jointly employed Woodard and those similarly-situated as to constitute an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times referenced herein, Hill supervised and/or controlled employment of Woodard and those similarly-situated with Ant Hill and acted directly or indirectly in the interest of Ant Hill in relation to its employees, including its day to day operations and respective compensation practices; therefore, Hill is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the FLSA, 29 § U.S.C. 203(d).



22. At all times referenced herein, Kinney has supervised and/or controlled employment of Woodard and those similarly-situated with Kizella and acted directly or indirectly in the interest of Kizella in relation to its employees, including its day to day operations and respective compensation practices; therefore, Hill is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the FLSA, 29 § U.S.C. 203(d).

23. The FLSA Collective Class Members are all current and former dancers, entertainers, or other employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid any wages and/or less than the applicable minimum wage for all hours worked.

24. The Ohio Class Members are all current and former dancers, entertainers, or other employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the two-year period before the filing of this Complaint to present who were not paid any wages and/or less than the applicable minimum wage for all hours worked.

## PERSONAL JURISDICTION

25. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

26. Woodard and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

27. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.



## SUBJECT MATTER JURISDICTION AND VENUE

28. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

29. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Woodard's state law claims because those claims derive from a common nucleus of operative facts.

30. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

31. At all times referenced herein, Ant Hill LLC and Kizella LLC formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

32. At all times material to the Complaint, Woodard and those similarly-situated directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently receiving money from patrons that are from inside and outside the state of Ohio.

33. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.



## **FACTS**

### **(Facts Pertaining To Woodard's Employment With Defendants).**

34. Defendants operate an adult entertainment club in Cleveland, Ohio called Magic City Lounge.

35. At all times referenced herein, Defendants employed exotic dancers and entertainers at Magic City Lounge.

36. At all times referenced herein, Woodard worked at Magic City Lounge.

37. Defendants classified dancers such as Woodward and those similarly-situated as "independent contractors"; however, at all times, they were employees of Defendants.

38. Woodard and those similarly situated, as dancers, are integral to Defendants business operation. The dancers are the main attraction for Defendant's patrons to frequent its establishment.

39. Defendants had sole discretion as to when and how long Woodard and those similarly-situated worked.

40. At all times referenced herein, Woodard and those similarly-situated were paid $0.00 per hour plus tips to work for Defendants as dancers and/or entertainers at Magic City Lounge.

41. Woodard and those similarly-situated, were compensated solely through tips from Defendants' customers.

42. In fact, Woodard and those similarly-situated had to pay Defendants to work per shift. This shift fee means that in order to work, Woodard and other Class Members were actually required to pay Defendants.

43. Defendants charged dancers "fines" if the dancers did not comply with the Defendants' many rules, such as arriving "late" for their shift and for not wearing the appropriate clothing that Defendants required dancers to wear.



44. Defendant hired/fired, supervised, direct, disciplined, schedules and performed other duties generally associated with that of an employer with regard to the dancers and/or entertainers.

45. In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

46. Defendants controlled what songs Woodard and those similarly situated performed with as well as how much a dancer was to charge for a private dance.

47. Defendants provided all stage equipment as well as all musical equipment for all performances.

48. Defendants misclassified Woodard and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA and/or OMFWSA.

49. As a result of Defendants' failure to pay Woodard and those similarly-situated the proper minimum wage, Defendants are liable to Woodard and those similarly-situated for the full minimum wage for all hours she worked.

### (Facts Pertaining To Wage Violations Against The Putative Classes).

50. Defendants' failure to pay minimum wage was not limited to Woodard; Defendants have a pattern and practice of improperly labelling all of their dancers and/or entertainers as "independent contractors" and not paying these employees any wages at all.

51. Since at least June of 2015, Defendants have paid dancers $0.00 per hour.

52. Upon information and belief, since at least October 3, 2015, Defendants failed to pay any of the FLSA Collective Class Members and Ohio Class Members who performed work for Defendants any wages whatsoever.

53. Defendants' "independent contractor" ruse was not limited to Woodard; Defendants improperly labelled all dancer/entertainers as independent contractors to avoid paying wages.

54. In reality, Woodard and those similarly-situated were employees of Defendants.

The Employee's Attorney.™ 

55. The work of Woodard and those similarly-situated was integral to Defendants' businesses.

56. The employment of Woodard and those similarly-situated was not temporary and had no fixed end-date.

57. Woodard and those similarly-situated were treated as at-will employees.

58. Woodard and those similarly-situated were not required to use managerial skills to realize a profit or a loss.

59. Woodard and those similarly-situated were economically dependent on Defendants and did not invest their own money, equipment, or supplies into Defendants' businesses.

60. The job duties of Woodard and those similarly-situated did not require special skills besides customer service skills.

61. At all times material to the complaint, Defendants controlled the employment of Woodard and those similarly-situated, to include, but not limited to setting work schedules and establishing the rules, policies, guidelines, and standards of the work to be performed.

62. Woodard and those similarly-situated were not conducting their own businesses while in the employ of Defendants.

63. Despite being labeled by Defendants as an independent contractor, Woodard and those similarly-situated were in reality non-exempt employees of Defendants.

64. Defendants told Woodard and those similarly-situated that they were independent contractors so Defendants could avoid paying proper wages to these employees; paying payroll taxes, or carrying Worker's Compensation insurance.

65. Defendants willfully and intentionally misclassified Woodard and those similarly-situated as independent contractors and paid no wages in order to reduce their labor cost as much as possible and to gain a competitive advantage over competitors who comply with the law.



66. Defendants violated the FLSA without any good faith or reasonable belief that their conduct complied with the law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

67. Woodard incorporates by reference the allegations in the preceding paragraphs.

68. Woodard brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly-situated individuals who are part of the following class:

> All current and former dancers, entertainers, or other substantially similar positions and/or with similar job titles who worked for Defendants at any time during the three-year period before the filing of this Complaint to present.

69. Collective Action treatment of Woodard's FLSA claim is appropriate because Woodard and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 37-64 *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## RULE 23 CLASS ACTION ALLEGATIONS

70. Woodard incorporates by reference the allegations in the preceding paragraphs.

71. Woodard brings her claims arising under the OMFWSA as a Rule 23 class action on behalf of the following class:

> All current and former dancers, entertainers, or other substantially similar positions and/or with similar job titles who worked for Defendants at any time during the two-year period before the filing of this Complaint to present.

72. Woodard believes there are more than 25 individuals that fit into the class.

73. Upon information and belief, during the applicable two-year period in question, and as a result of turnover, Defendants have employed more than 50 individuals that fit into the class.

The Employee's Attorney.™

74. The members of the classes are so numerous that their individual joinder is impractical.

75. The identity of the members of the Ohio Class is readily discernible from Defendants' records.

76. Woodard and the proposed Ohio Class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

77. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a) Whether Woodard and the Ohio Class Members were denied pay at a rate not less than the minimum wage as proscribed by Ohio law;

   b) Whether Defendant failed to properly classify Woodard and Ohio Class Members as employees under Ohio law; and

   c) The calculation of damages.

78. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

79. Woodard's claims are typical of the claims of the class because Woodard is one of many dancers Defendants misclassified as independent contractors for the purposes of not paying wages.

80. Woodard is an adequate representative of the class because her interests do not conflict with the interests of the class that she seeks to represent. Woodard has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Woodard and



her counsel.

81. The class action applying Ohio state law is superior to other available means of fair and efficient adjudication of the claims of Woodard and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

82. Woodard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. At all times material to the Complaint, Woodard and the FLSA Collective Class Members were not exempt from receiving minimum wage under the FLSA because as dancers or other tipped employees, they were not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA because they were not paid any wages. See 29 C.F.R. §§ 541.0, 541.602 *et seq.*

84. Woodard and the FLSA Collective Class Members were entitled to at least $8.10 per hour for all hours worked in 2015; $8.15 per hour for all hours worked in 2016 and 2017, and $8.30 per



hour for all hours worked in 2018, notwithstanding the fact that these employees otherwise received tips.

85. Defendants failed to pay Woodard or the FLSA Collective Class Members the applicable minimum wage.

86. Defendants' violations of the FLSA were willful and/or reckless.

87. In violating the FLSA, Defendants acted without a good faith or reasonable basis for committing said violations.

88. As a direct and proximate result of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Woodard and the FLSA Collective Class Members for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

89. Woodard incorporates by reference the allegations in the preceding paragraphs.

90. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

91. At all relevant times, Defendants have employed and continue to employ, "employees," including Woodard and the Ohio Class Members within the meaning the OMFWSA.

92. In 2016, the OMFWSA required employers to pay a minimum wage of at least $8.10 per hour to all non-exempt employees.

93. In 2016, Defendants failed to pay Woodard or the Ohio Class Members $8.10 or greater per hour.

94. In 2017, the OMFWSA required employers to pay a minimum wage of at least $8.15 per hour to all non-exempt employees.



95. In 2017, Defendants failed to pay Woodard or the Ohio Class Members $8.15 or greater per hour.

96. In 2018, the OMFWSA required employers to pay a minimum wage of at least $8.30 per hour to all non-exempt employees.

97. In 2018, Defendants failed to pay Woodard or the Ohio Class Members $8.30 or greater per hour.

98. In denying compensation at the requisite Ohio minimum wage rate, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

99. As a direct and proximate result of Defendant's unlawful conduct, Woodard and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages.

100. Having violated the OMFWSA, Defendants are joint and severally liable to Woodard and the Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Woodard and Ohio Class Members for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nygeria Woodard requests judgment against all Defendants and for an Order:

a. Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals who were employed by Defendants as a dancer or entertainer, and/or those with similar job titles who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

b. Certifying this matter under Fed. R. Civ. P. 23 as a class action for Ohio wage and hour law violations pursuant to the OMFWSA;

c. Awarding all unpaid compensation due under the FLSA and OMFWSA to Woodard, the FLSA Collective Class Members and the Ohio Class Members;

The Employee's Attorney.™

d. Awarding Liquidated damages in an amount equal to all unpaid compensation due under the FLSA and OMFWSA to Woodard, the FLSA Collective Class Members and the Ohio Class Members;

e. Awarding Woodard, FLSA Collective Class Members and the Ohio Class Members attorneys' fees and costs incurred in pursuing this action as provided by the FLSA and the OMFWSA; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Brian D. Spitz (0068816)
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Plaintiff Nygeria Woodard*

## JURY DEMAND

Plaintiff Nygeria Woodard demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

